Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| Pauline E. Johnson, and Grace D. Johnson | ) | |
| Complainant(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| McCalla, Raymer, Leibert, Pierce, LLC. | ) | 1:22-cv-02842-SEG-RGV |
| Drew Powers                    and | ) | |
| Specialized Loan Servicing, LLC. | ) | |
| Steven Ross, Ami McKernan    and | ) | |
| HSBC Bank USA, National Association as | ) | |
| Trustee for DBALT Mortgage Loan Trust, | ) | |
| Series 2007-4 | ) | DEMAND FOR JURY TRIAL |
| Doris Wong                    and | ) | |
| R & L DREAM HOMES, LLC. | ) | |
| Rahim "Richard" Iranikhah | ) | |
| Defendant(s). | | |

1

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

Pauline E. Johnson and Grace D. Johnson appearing specially, for complaint against the Defendants: 1. McCalla, Raymer, Leibert, Pierce, LLC. and Drew Powers, 2. Specialized Loan Servicing LLC., and Steven Ross and Amy McKernan, 3. HSBC Bank USA, National Association as Trustee for DBALT Mortgage Loan Trust and Doris Wong, and 4. R & L Dream homes LLC., and Rahim "Richard" Iranikhah declares this action is brought with honorable intention and good faith that the parties named are indeed responsible for the relief demanded as described.

## SUMMARY OF THE ACTION

1. For this is an action which declares Deprivation of Rights under 42 USC subsection 1983, Securities Fraud, Unjust Enrichment, False and Misleading Representations, Theft of Property, Privacy Act, various violations of Title 15 USC and consumer protection laws, FDCPA, Title 18 USC, and Exhibiting a Pattern of Deceptive and Misleading Behavior to allege violations of RICO Acts.

2. The defendants, acting together under color of law, used extortion and extremely abusive methods of collecting a debt which inflicted direct harm, injury and stress to the complainants, for which they enter demand of the court to find them responsible for redress.

3. Claimants also demand injunction against defendant Mr. Iranikhah and his pending dispossessory action. **See EXHIBIT A Notice of Removal.**

4. The private property of the complainants refers to the real estate where they have domiciled and occupied continuously from inception. The commonly

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

known address of said property: 1045 Masters Lane, Snellville, GA 30078 in Gwinnett County, Georgia.

5. Complainants declare with information and belief the Defendants, acting together as debt collectors, appear to be using false and misleading representations in devising a scheme to steal the private property of the complainants by making false assertions and non-verified statements.

6. Complainants allege defendants are in violation of RICO acts as the defendants appear to have a history and pattern of engaging in racketeering behavior as it relates to debt collection, mortgage and foreclosure fraud.

**AFFIDAVIT OF TRUTH**

7. Complainant Pauline E. Johnson, a private natural person and beneficiary, governed by the Creator, is the paramount holder of value in due course (one who has at any time given value for interest in negotiation to the original instrument).

8. Grace D. Johnson is a private natural person and firsthand witness to all events described in this complaint and attests to the truthfulness of the details of this complaint. Grace D. Johnson has authority to act as Pauline E. Johnson in private communications between them and the defendants as

3

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

described herein.  Grace D. Johnson also maintains an interest in the property which is subject of this action.

9. The basis for this claim is for deprivation of human rights; complainants exercising their rights and protections first under the Creator ALLAH, of natural law, common law, and federal law. The defendants are accused of unlawful, abusive, and malicious intent while conducting debt collection business.

10. Congress enacted consumer protection laws to protect the consumer (a natural person) from abusive debt collection practices.

11. 15 U.S. Code subsection 1692 -Congressional findings and declaration of purpose (a) Abusive Practices- "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy. (b) Inadequacy of laws- Existing laws and procedures for redressing these injuries are inadequate to protect consumers."

12. Complainants believe that the defendants are using extortion as a means of collecting an alleged debt.

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

13. The defendants named in the complaint appear to be conspiring together to devise a scheme to forcibly remove the complainants from their property, so they can lay claim once it has been abandoned.

14. Complainants have no knowledge of any transaction in which a "loan" or other money was extended and are not indebted to defendants.

15. Complainants believe the actions of the defendants- with respect to the alleged unlawful sale and attempted eviction of them from their property without any apparent authority- are the exact types of actions Congress intends to protect consumers from when dealing with debt collectors.

16. Complainants believe defendants do not have any lawful claim to their property whatsoever.

17. Complainants (not attempting to practice law, but rather defend their interest in their property) enter this Affidavit with honorable intention and clean hands and believe a jury of their peers will order finding of ALL defendants guilty on ALL charges, and responsible for full award of damages and fees to complainants, and sanction of these repeat-offender debt collectors to prevent any other consumer from having their rights taken without due process.

5

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

18. Complainant seeks removal of the dispossessory action pending in Magistrate Court of Gwinnett County (22-M-0265 IRANIKHAH V. JOHNSON) (See Exhibit A Notice of Removal.)

19. If Mr. Iranikhah is allowed to proceed, his actions may cause further harm- potentially irreparable- to complainants.

20. The Magistrate Court lacks jurisdiction to hear an action on owner or title disputes, illegal foreclosure etc. Therefor the matter is appropriately brought to this court and joined with this civil filing.

## JURISDICTION AND VENUE

21. Subject matter jurisdiction exists under 28 U.S.C. subsection 1331 for raising federal questions.

22. The monetary relief sought from complainants exceeds Seventy-Five Thousand Dollars ($75,000) bringing the claim under 28 U.S.C. subsection 1332(b) amount in controversy.

23. Venue is proper as the proximate location of real property where the events took place is in Gwinnett County, Georgia per 28 United States Code 1391(b). Complainants domicile in Gwinnett County, Georgia.

6

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

## PARTIES

24. Complainant #1 is Pauline E. Johnson, a natural person and beneficiary with

all rights reserved, in care of:

1045 Masters Lane Snellville, Georgia 30078.

Telephone: 470-406-0001

Email: GDJ1PF@aol.com

25. Complainant #2 is Grace D. Johnson, a natural person reserving all rights,

having interest in the property, and firsthand witness to the events described

in this complaint, in care of:

1045 Masters Lane Snellville, Georgia 30078.

Telephone: 470-406-0001

Email: GDJ1PF@aol.com

26. Defendant #1 is McCalla, Raymer, Leibert, Pierce LLC., hereinafter referred

to as "MRLP", a debt collector, and Drew Powers an employee at this debt

collection corporation, with a principal place of business located at:

1544 Old Alabama Rd. Roswell, GA 30076.

Telephone: 770-643-2148

www.mccalla.com

7

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

27. Defendant #2 is Specialized Loan Servicing, LLC, hereinafter referred to as "SLS", a debt collector, and their representative(s) Steven Ross and Ami McKernan, "Second Assistant Vice President" of this debt collection corporation, with a principal place of business located at:

6200 S. Quebec St. Greenwood Village, CO 80111.

Telephone: 800-306-6059

28. Defendant #3 is HSBC Bank, USA National Association as DBALT Trustee for Mortgage Loan Trust series 2007-4 hereafter referred to as "HSBC Bank" and representative Doris Wong, "Vice President". They are a financial institution and third-party debt collector, with a principal place of business located at:

452 Fifth Avenue

New York, NY 10018

29. Defendant #4 is R & L Dream homes, LLC. and Rahim "Richard" Iranikhah, investor, with a principal place of business located at:

PO BOX 2061

Duluth, GA 30096

8

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

## Background Defendant #1 "MRLP"

30. Defendant #1 MRLP, was unknown to the complainants prior to the dates stated in this action.

31. Defendant MRLP sent a debt collection offer to the address of the complainants, via USPS regarding the real property, dated January 25, 2022. **See EXHIBIT B.**

32. The communication identifies MRLP as a debt collector.

33. The letter goes on to claim, "You have a real estate loan serviced by "SLS" and then describes how one can dispute some alleged debt, by writing or calling to MRLP by March 1, 2022.

34. The offer in their document advises that "If you write to us by March 1, 2022, we must stop collection on any amount you dispute until we send you information that shows you owe the debt."

35. Defendant MRLP sent a second presentment to collect an alleged debt to the complainants address dated January 27, 2022, via USPS titled NOTICE OF NONJUDICIAL FORECLOSURE SALE. **See EXHIBIT C.**

36. This letter identifies the defendant MRLP now as a law office.

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

37. The letter states that the "loan was referred to MRLP for nonjudicial foreclosure due to complainant's default under terms of the loan documents."

38. The letter states "the entire amount of the outstanding balance of principal and interest owed on the loan and any other authorized charges are due and payable."

39. The letter continues to state that the referenced property is "scheduled to be auctioned at foreclosure."

40. An unsigned copy of a Notice of Sale created by MRLP was included in the mailing.

41. The document acknowledged HSBC bank USA, NA as trustees for DBALT Mortgage Loan Trust, Series 2007-4 as the "holder of the Security Deed to the property".

42. On February 23rd, 2022, Complainants, believing MRLP had obvious misinformation, immediately sent them notice via USPS certified mail with the intent of ceasing the debt collection actions. **See EXHIBIT D Revocation of Power of Attorney.**

43. Complainants notice also was to advise MRLP that any attempts by third parties to sell or convey complainant's interest in her private property is

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

fraudulent and considered theft. **See EXHIBIT E Notice and Lawful Demand.**

44. Complainants demanded the property be removed from public listing of sale.

45. Complainants declared that if no response received after 3 business days, complainants may seek judgement against defendants for violations of federal and state law.

46. Complainants received confirmation this letter was received by MRLP.

47. Complainants did not receive a response from MRLP to this document

48. Complainant called office of MRLP to discuss the matter. No personnel was available to take complainant's call at the time, complainant left a message for attorney Drew Powers to return the call.

49. Complainant received a return call from Ms. Drew Powers on March 15th, 2022. Complainant questioned Ms. Powers did she owe a duty to respond as stated in their debt collection presentment, to which she replied yes. Ms. Powers implied that despite not responding to the notices they in fact received, MRLP had done a "due diligence and verified the debt was valid". Complainant asked for the names of the representatives directly involved with the account of the alleged debt, Ms. Powers refused to divulge this

11

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

information. Ms. Powers attitude was that complainant should be happy that the property sold for a lot of money.

50. Complainants relied on the statements made in MRLP's debt collection notice and expected MRLP to take action to cease collection effort and begin a thorough investigation to determine their information was without error.

51. After not hearing or receiving anything more from MRLP, complainants were content that there was an agreement with MRLP to cease and desist and an investigation was underway into where they received their misinformation.

52. However, in June 2022 defendant MRLP filed an unsigned document titled "Deed Under Power" with the Gwinnett County land records. **See EXHIBIT F.**

53. The unsigned documents appear to be copies made on top of other copies (not original and potentially forged signatures).

54. The "Deed Under Power" claims a "lender acted on behalf of borrower" to transfer the interest of complainant to defendant R & L Dream homes, LLC.

55. Complainants became aware of this filing when Mr. Richard Iranikhah (defendant #4) contacted them via email regarding the dispossessory action he filed, claiming he had put the action back on the Magistrate court

12

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

calendar for hearing after approximately 120 days had passed since his original claim was made.

56. Suspicious of why he was adding the action back to the calendar after so much time had passed, complainants researched the property land records and tax records to find Mr. Iranikhah's information had somehow been updated to reflect as the owner.

57. Complainants responded by removing Mr. Iranikhah's action to this court, to join with a civil complaint against him and the parties involved.

**Background Defendant #2 "SLS"**

58. Defendant #2 SLS claims to be the servicer of a mortgage contract with complainant and has been collecting payment for this alleged debt from complainants since January 2016.

59. February 2021, complainants, suspecting SLS may not be acting with clean hands in their business practice in misrepresenting the account status, contacted SLS for the purpose of a debt verification, to serve as a "qualified written request" to determine the legitimacy of the debt being owed. The letter also demanded a cease and desist for the purpose of "informational statements of account."

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

60. SLS responded by stating there was no debt to validate, and that complainant

did not have personal responsibility for any other obligation.

61. SLS still insisted on sending misleading statements monthly, stating that it

was not an attempt to collect a debt, and showing a balance available.

62. Complainants demanded that SLS return all the monies received as

overpayment for the alleged debt. SLS refused.

63. It appears that at some point SLS sold or transferred their interest in the

account to MRLP for further collection attempts.

64. Complainants ran a securitization audit on the alleged account number and

debt associated with SLS and discovered the CUSIP number, which reflects

the account and debt were sold to investors and the fund is worth millions of

dollars. **See EXHIBIT G CUSIP Report for Pauline Johnson.**

65. Complainants never intended to supply SLS an instrument to monetize, and

complainants would not receive any of the interest and proceeds as a result

of their names and signatures being used.

66. In December of 2020 the Consumer Finance Protection Bureau settled with

SLS for $1.275 million after an investigation found that since 2014, "SLS

violated RESPA and Regulation X by taking prohibited foreclosure actions

against mortgage borrowers who were entitled to protection from

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

foreclosure." **See EXHIBIT H Consumer Financial Protection Bureau Settles with Specialized Loan Servicing, LLC.**

67. Complainant never received any authenticated certified financial records or affidavits, documents or other forensic evidence to substantiate a claim of debt owed that complainant is responsible for.

68. SLS is listed as "attorney in fact for HSBC Bank USA, National Association as trustee for DBALT Mortgage Loan Trust, Series 2007-4, as attorney in fact for Pauline E. Johnson." Page 3 of 9 of these documents has Steven Ross and Ami McKernan's signatures as "Grantor" and their titles "Second Assistant Vice President." **See EXHIBIT F Page 3.**

69. Complainants do not believe the signatures are authentic or genuine.

70. SLS, acting in capacity for the alleged "lender" HSBC Bank USA, appears to not have standing to make a claim against complainant's property.

**Background Defendant #3 "HSBC Bank"**

71. Defendant #3 is HSBC Bank USA, NA DBALT trustee for mortgage-backed series 2007-4, and Doris Wong, "Vice President".

72. Doris Wong is party to the apparent fictitious documents filed in the land records by a unknown representative of MRLP. **See EXHIBIT F Page 5.**

15

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

73. On page 1 of this Exhibit, HSBC Bank claims to be the "duly appointed attorney in fact for Pauline E. Johnson." They also refer to claimant as "borrower", and themselves "lender".

74. The indenture appears to have been made with the permission and consent of complainants.

75. On Page 3 of 9 of this Exhibit, HSBC Bank purports to be a "lender by assignment", and on Page 3 of 9 in the Exhibit "attorney in fact" for complainant.

76. Complainants believe this information to be incorrect. Complainants made effort to mail a Notice of Revocation of Power of Attorney for and directly to HSBC Bank in February 2022. Complainants received confirmation the document was received to their principal address of 452 Fifth Avenue New York, New York 10018. **See Exhibit D Notice of Revocation of Power of Attorney.**

77. Complainants also filed this Notice of Revocation with Gwinnett County land records.

78. HSBC Bank confirmed receipt of the Notice of Revocation of Power of Attorney, exhibiting they were aware of complainant's intention to remove them as any agent or authority with respect to interest in the property.

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

79. HSBC Bank's actions appear to be willful and grossly negligent.

80. In February 2016, HSBC Bank reached a settlement of $470 million with the Department of Justice to "address mortgage origination, servicing, and foreclosure abuses. This settlement holds HSBC accountable for its actions and helps to protect the most vulnerable homeowners. The settlement reflects a continuation of enforcement actions by the department and its federal and state enforcement partners to hold financial institutions accountable for abusive mortgage practices."

**Background Defendant #4 "R & L Dream Homes, LLC."**

81. Defendant #4 is R & L Dream Homes LLC, and Rahim "Richard" Iranikhah as CEO of the corporation per Georgia Secretary of State website.

82. Mr. Iranikhah was unknown to the complainants prior to the dispossessory action filed by him in March.

83. Mr. Iranikhah filed an action in Magistrate Court of Gwinnett County against the complainant titled "Dispossessory Action". **See EXHIBIT A.**

84. After receiving a copy of the action, complainants contacted Mr. Iranikhah to inquire about the legitimacy of his claim. Mr. Iranikhah responded that he was the "new owner of the property as of March 1, 2022."

17

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

85. Mr. Iranikhah contacted complainants via email March 21, 2022, to apparently threaten them to "move out and avoid eviction via court."

86. Complainants responded to Mr. Iranikhah advising that any action claiming to have foreclosed or otherwise sold her property was unlawful, and complainant requested documents from Mr. Iranikhah in support of his claim.

87. Mr. Iranikhah responded March 22, 2022, instead of providing proof he advised complainants "to contact the lender's attorney regarding the sale, and to contact him to set up a date for move out."

88. The hearing in magistrate court for the dispossessory action was to occur April 5, 2022, Case 22-M-08615 IRANIKHAH V. JOHNSON.

89. Mr. Iranikhah reset the hearing for April 13, 2022, and the date was reset once more by Mr. Iranikhah.

90. Mr. Iranikhah emailed complainants April 12, 2022, requesting their telephone number to set up a timeline to move out of their property.

91. April 12, 2022, complainants emailed Mr. Iranikhah that "they have every intention to pursue the matter in court if necessary, and if Mr. Iranikhah cancels the dispossessory action, his name could be avoided being tied into the ensuing litigation."

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

92. Mr. Iranikhah replied via email April 12, 2022, advising the case had been removed from the calendar for hearing. No subsequent hearing date had been set. Complainants heard no further from him.

93. Approximately 120 days later Mr. Iranikhah emailed complainants the case was placed back on the calendar for hearing on July 20, 2022.

94. Complainants questioned Mr. Iranikhah's abrupt actions, and his response was that "the case was dormant and as a result, sidelined. Now that proper documents and evidence exist the case has been re-opened."

95. Complainants determined it was necessary to file immediate action in this court to stop his actions and prevent the defendants from stealing their property.

## Damages

96. Complainants have a human right to their private property and their privacy, as well as common law, Constitution and federal protections.

97. These rights were violated when the defendants, conspiring together acted under color of law to willfully deprive the complainants of their right to peace, privacy, and property without due process or any other apparent certified claim.

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

104.    The defendants: MRLP and Drew Powers, SLS and Steven Ross and Ami McKernan, HSBC Bank and Doris Wong, and Richard Iranikhah on behalf of R & L Dream Homes, LLC. acted in an apparent scheme to steal complainant's property. The nature of their actions was malicious, intentional, unjust, and fraudulent because each entity was made aware of the complainant's objections and took no action to resolve the matter privately or peacefully.

105.    Defendants further breached their duty to complainants by failing to provide the financial statements and forensic evidence necessary to verify any claim.

106.    The complainants took exhaustive measures to resolve the alleged debt with each defendant privately prior to commencement of this action with no avail.

107.    The defendant's chose instead to ignore the lawful notices of the complainants.

108.    None of the defendants appeared interested in resolving the matter by simply verifying the accounting was true and correct.

21

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

109.    Complainants feel extremely harassed and violated by the defendant's actions, and believe their actions are considered "extortionate" means of attempting to collect a debt.

110.    Complainants received threats regularly via USPS mail and email from SLS, MRLP and Richard Iranikhah, with varying degrees of assault and abusive language.

111.    Complainants acted out of fear in submitting any payments to SLS to prevent them from taking any action against their property.

112.    It does not appear any of the defendants have a valid lawful claim to complainant's property, and their filed documents appear fraudulent, and are unsigned to intentionally avoid liability.

113.    The same week MRLP initiated contact with the complainants in January 2022 to unlawfully begin foreclosure, the family was grieving the sudden and unexpected loss of a beloved uncle and son who passed from Covid-19.

114.    The family has still been unable to properly grieve due to the malicious acts of the defendants and having to take time to seek counsel, research and create a complaint, etc.

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

115.    The defendant's actions of threat and force did not allow the complainants and family to be able to grieve properly, thus complainants and their family members continue to suffer mentally and emotionally.

116.    The property is a family heirloom and has been occupied by complainants continuously since inception. The complainants intend to keep this property in the family for future generation private use and never intended to engage in any type of commercial activity with their property.

117.    MRLP caused extreme embarrassment to the complainants when they deliberately placed their personal information (address, financial information, name etc.) into an advertisement in the local newspaper.

118.    This appears to have been a ploy to embarrass and bring about shame to the complainants and coerce payment and abandonment of their property.

119.    MRLP made material misrepresentation when communicating with complainants via their notices and filings.

120.    Despite having received a Revocation of Power of Attorney, and additional Notice that the debt was invalid, MRLP continued its collection activity without further review of the account.

121.    MRLP made several false accusations, referring to complaints as borrowers, alleging default, also stating complainant was delinquent in the

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

"Notice of Sale" documents published in the local paper, as well as "Deed Under Power" filed in the land records for Gwinnett County.

122.    Their statements do not appear to be supported by any facts.

123.    This is damaging to complainant's reputation as anyone can read the advertisement in the paper and surmise the complainants have an issue being honorable, when they in fact have made all attempts to resolve the issue as best as possible.

124.    MRLP's advertisement of the sale of complainant's home led to investors and other interested parties stopping by the complainant's home and contacting the complainants and their family members via phone, text, and email during all times of the day and night to inquire into the property's for sale status.

125.    An investor went so far as to show up to the complainant's property while bereavement services were being conducted.

126.    Several family members became aware of the foreclosure sale unnecessarily due to the man's insistence on having a conversation directly in front of guests.

127.    This caused extreme anxiety and embarrassment to the complainants.

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

128.    Complainants as a result have difficulty sleeping and live in constant fear that someone may appear unwelcomed to their property to bring a notice, offer, or other related document.

129.    Mr. Iranikhah's ordering of the Sheriff to serve the dispossessory action also caused severe stress and anxiety to complainants.

130.    Complainants have never been involved adversely with law enforcement and the act of tacking the notice on the front door of the private property for all the neighbors and passersby to see brought about shame and embarrassment upon complainants.

131.    SLS, MRLP and HSBC Bank had an obligation to ensure the accounting and records were correct for the alleged debt, including supplying the authenticated certified original documents to the complainant prior to commencing any collection action against complainant, as evidenced in their own paperwork.

132.    Included in evidence are rulings against SLS and HSBC bank by their respective authorities in which they were heavily sanctioned millions of dollars for similar actions alleged in this complaint.

133.    The true number of ill-gotten gains received from the unlawful actions of the defendants may never be revealed in its entirety.

25

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

## VIOLATIONS

## COUNT 1 Deprivation Rights under 42 U.S.C. subsection 1983

134.    Complainants re-declare all proceeding paragraphs by reference, as if restated fully in this count.

135.    All defendants acted under of color of law in their scheme to deprive complainants of their private property via unlawful foreclosure and forced abandonment of their property.

136.    The defendants violated complainants rights when they published complainants' personal information in the Gwinnett County newspaper and filed false documents with the land records as well as serving the dispossessory action to complainants, intending to take the property of complainants with no due process.

137.    The defendants were aware there was no lawful authority to take such action against the complainants, or act on any other provision to which entitled them to complainants' property.

138.    The defendants still conspired to steal complainants' property without due process of law or otherwise fair and ethical business procedures.

26

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

## COUNT 2 CONSPIRACY AGAINST RIGHTS- 18 U.S.C. subsection 241

139.    Complainants re-declare all proceeding counts and paragraphs by reference, as if restated fully in this count.

140.    In their scheme to steal property and money from the complainants for financial gain, defendants acted together to conspire to injure, oppress, extort, threaten and intimidate complainants out of their property.

## COUNT 3 BREACH OF FIDUCIARY DUTY

141.    Complainants re-declare all proceeding counts and paragraphs by reference, as if restated fully in this count.

142.    "It has been stated that any enterprise undertaken by the public official who tends to weaken public confidence and undermine the sense of security for individual rights is against public policy. Fraud in its elementary common law sense of deceit and this is one of the meanings that fraud bears [483 U.S. 372] in the statute." See United States v. Dial, 757 F.2d 163,168 (7th Cir 1985) includes the deliberate concealment of material information in a setting of fiduciary obligation. "A public official is a fiduciary toward the public, including, in the case of a judge, the litigants who appear before him and if he deliberately conceals material information from them, he is guilty

27

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

of fraud." McNally v United States 483 U.S. 350 (1987). Excerpt quoted from 63C American Jurisprudence 2d, Public Officers and Employees, subsection 247.

143.    By acting against the complainant's better interest, the defendants breached their duty to ensure complainants interest was being maintained fairly and equitably.

144.    Removing the complainants from their property to resolve an alleged debt would never be in their better interest.

## COUNT 4 BREACH OF CONTRACT

145.    Complainants re-declare all proceeding counts and paragraphs by reference, as if restated fully in this count.

146.    The defendants collectively agreed to immediately cease their actions against complainants until a thorough investigation could be conducted.

147.    No defendant responded or objected to any of the communications sent by the complainants, thus their lack of response to the documents show there may have been intentional willful and negligent conduct on their behalf.

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

148.    Mr. Iranikhah was advised by complainants to remove the dispossessory action from the calendar should he wish not to become a party to the complainants pending suit.

149.    The case was off the Magistrate calendar until July 2022 when Mr. Iranikhah decided to again try to proceed with the action.

150.    Complainants properly construed his actions (delayed commencing initial action in court from March to July, lack of communication after being advised of the unlawful sale and pending suit, inability to produce any evidence of claim, and the apparent removal from the calendar thereafter) as Mr. Iranikhah's agreement to cancel the action.

## COUNT 5 PRIVITY OF CONTRACT

151.    Complainants re-declare all proceeding counts and paragraphs by reference, as if restated fully in this count.

152.    This principle dictates that only lawful parties to a contract have rights to enforce the provisions of that contract.

153.    Complainants believe they have not entered any contract with any of the defendants that grants them any rights or authority to their property.

29

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

## COUNT 6 UNJUST ENRICHMENT

154.     Complainant re-declares all proceeding counts and paragraphs by reference, as if restated fully in this count.

155.     The concept of unjust enrichment being "no one should be benefitted, at another's expense" is exactly why the defendants are liable to complainants.

156.     None of the defendants appear to be a lawful interested party by contract or otherwise to complainants' property.

157.     Complainants discovered the CUSIP results after conducting a securitization audit on the account.

158.     This report details the investment value of the stock containing complainants account number; however, the complainants did not receive any disclosure as to the nature of the investment or what percentage they should be due to receive for supplying the instrument of value.

159.     Each defendant stands to gain financially or has already profited in some way from the unlawful debt collection and foreclosure sale of the property.

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

160. Complainants believe the defendants may have had knowledge that there was insufficient evidence of a debt owed and that may have encouraged their actions to increase their profitability.

## COUNT 7 SECURITIES FRAUD – Securities Exchange Act of 1934

161. Complainants re-declare all proceeding counts and paragraphs by reference, as if restated fully in this count.

162. It appears defendant SLS may used the private information of complainant in order to convert their negotiable instrument into a security for financial gain.

163. The complainants were not aware that the account was being used as an asset to barter and trade with on the stock market and would never have agreed to sign over their interest and receive nothing in return.

164. It was never complainants' intention to enter into an investment contract with any of the defendants.

165. The value shown in the CUSIP report illustrates how much these big corporations and financial institutions are making off the hard-working middle class, and although we are supplying the value they are taking all the credit.

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

## COUNT 8 PRIVACY ACT 1974

166.     Complainants re-declare all proceeding counts and paragraphs by reference, as if restated fully in this count.

167.     The complainants never consented to supply private, personal, financial, or other personal information as it relates to them for any investment or commercial business with any of the defendants.

168.     Complainants never wanted their private information published in local newspapers, online websites, or any other medium.

169.     MRLPS's actions placed the complainant's private information onto multiple public forums, which resulted in investors being able to contact the complainants and their family members to discuss their property status, people interested in the property are driving and stopping by the property at all hours of the day and nights, contacting the complainants and their family through various mediums, as well as taking pictures of the property.

170.     Complainants feel violated and stripped of privacy- for they once felt safe in their home and never thought they would need to worry about random people stopping by, knocking on their door asking about a foreclosure.

32

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

171.    This poses risk, danger, and potential threat to anyone domiciling at the property.

172.    Complainants and family members are receiving unsolicited calls, texts, emails, and postal mail from strangers inquiring to status of home based on the documents MRLP filed in the local paper and land records,

173.    Complainants feel violated that the Sheriff or other law enforcement could be summoned to their property at any time at the claim of the defendant, which causes anxiety and depression that you now must be prepared to defend yourself and property from trespassers.

174.    Each time the "account" was handed down, transferred or sold to another investor the complainants private and personal information was unlawfully transferred as well.

**COUNT 9 Making False and Misleading Representation-15 U.S.C. subsection 1692e**

175.    Complainants re-declare all proceeding counts and paragraphs by reference, as if restated fully in this count.

176.    Defendants made false and misleading representations in their contact with the complainants, by mail, email, local newspaper, website, contact with other third parties etc.

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

177.     MRLP's notices to complainants in Exhibit B and Exhibit C demonstrate the deceptive language they used to make it appear they had valid authority to take action in the manner described.

178.     SLS and MRLP made the false representation that implied the nonpayment of any debt would result in the sale of the property of the complainant.

179.     As debt collectors, they cannot assert action they cannot lawfully take.

180.     SLS and MRLP violated this code when they used the United States Postal Service to send misleading documents to the complainants, namely identifying themselves as a debt collector in one communication, a lender and then an attorney in another, and claiming they had rights to the alleged debt or property.

181.     HSBC Bank is referred to as "lender" in the Deed Under Power documents, which is false and misleading.

182.     HSBC Bank claims to be "duly appointed by the borrowers aka complainants" and acting with their authority, which is false.

183.     MRLP also made material misrepresentations when they stated they would follow FDCPA procedures to thoroughly investigate a claim once asserted in verification of an alleged debt.

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

184.    MRLP made material misrepresentation when they asserted the account status without conducting any thorough investigation.

185.    MRLP states in the Deed Under Power the "foreclosure was conducted after satisfying a required procedural safeguard" and this statement appears deceptive and false based on evidence to the contrary.

186.    SLS and MRLP made the false representation that complainant defaulted on an obligation for a debt, in order to disgrace the complainant and lend credibility to their debt collection scheme.

187.    The documents are missing company seals, and the language in general is elusive and intended to be confusing to a consumer.

188.    No representative from MRLP signed any of their communications which appears to be a deliberate attempt to avoid liability for their role in the scheme and fraud.

## COUNT 10 THEFT - 18 U.S.C subsection 641 public money, property, or records.

189.    Complainants re-declare all proceeding counts and paragraphs by reference, as if restated fully in this count.

190.    It appears by the defendant's actions they were trying to get the complainants house for free.

35

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

191.    SLS began the theft scheme by selling or assigning the complainant's private financial account information to MRLP.

192.    MRLP, acting as attorney in fact for the other defendants, commenced the foreclosure process and once they unlawfully sold the property, conveyed the same to "Mr. Iranikhah" (he may be a fictional character made up by MRLP; his relationship to the other defendants is unknown).

193.    Once the defendants had knowledge that the property was claimed, they should have ceased their efforts.

194.    The defendants' actions appear to be deliberate when they attempted to expedite a sale of the property and removal of complainants and their family from their property without conducting research.

## COUNT 11 RICO ACT 18 U.S.C.A subsection 1962(c)

195.    Complainants re-declare all proceeding counts and paragraphs by reference, as if restated fully in this count.

196.    "It is unlawful for anyone employed by or associated with any enterprise engaged in or the activities of which affect interstate or foreign commerce, to conduct or participate directly or indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt".

36

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

197.    The defendant's behavior exhibits a pattern of racketeering activity to aid and abet a criminal enterprise in the collection of extensions of credit.

198.    The defendants acted with bad faith when they continued debt collection efforts against the complainants, by advertising their private information via county newspaper, and filing false and fraudulent documents claiming they had rights to complainant's property, despite receiving documentation from complainant that stated otherwise.

199.    The fact that HSBC bank, and SLS have been sanctioned by the Consumer Financial Protection Bureau and the Department of Justice lends credibility to the appearance of a pattern of racketeering behavior as evidenced in EXHIBIT H, where the CFPB settled with SLS for $1.275 million in monetary relief to consumers for SLS' wrongdoing, and in a similar case the DOJ reached a $470 million settlement with HSBC Bank EXHIBIT I.

200.    These large settlements were redress to consumers for abusive practices in foreclosure.

201.    The evidence speaks loudly that defendants appear to have a history of this type of behavior, and seemingly the large penalties and fines do not

37

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

persuade them to implement better business practices to avoid consumers from being abused in the future.

## COUNT 12 AGGRAVATED IDENTITY THEFT-18 U.S.C subsection 1028 A

202.    Complainants re-declare all proceeding counts and paragraphs by reference, as if restated fully in this count.

203.    Defendants are liable under this offense for knowingly transferring, possessing, and using complainants private and personal information, as well as furnishing this private information to each other, and Gwinnett County land records without complainants' direct consent or authorization.

## COUNT 13 RECEIVING THE PROCEEDS OF EXTORTION- 18 U.S.C subsection 880

204.    Complainants re-declare all proceeding counts and paragraphs by reference, as if restated fully in this count.

205.    Defendants are liable for violation under this code, in that each defendant appears to have received financial compensation for their role in the attempted theft of complainant's property.

## COUNT 14 COLLECTION OF EXTENSION OF CREDIT BY EXTORTIONATE MEANS- 18 U.S.C. subsection 894

38

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

206.    Complainants re-declare all proceeding counts and paragraphs by reference, as if restated fully in this count.

207.    Beginning with the debt collection by SLS, to the debt collection and foreclosure by MRLP, and the dispossessory action filed by Mr. Iranikhah these actions were extreme and extortionate means of collecting a debt.

208.    The defendants are using the USPS, web, email, newspaper, and court system in their scheme to intimidate and defraud complainants of their property.

209.    The defendants are using the fact that they are large corporations with attorneys and money at their disposal to intimidate the complainants into relinquishing their interest in the property.

**COUNT 15 Communications with a consumer- after refusal to pay or cease communication notice. 12 CFR 1006.6(c)(1)**

210.    Complainants re-declare all proceeding counts and paragraphs by reference, as if restated fully in this count.

211.    SLS and MRLP were under a cease-and-desist order from the complainants. SLS and MRLP still communicated with the complainant by sending notices, statements, and communicating complainant's private

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

information to the other defendants, as well as publishing personal

information in the local newspaper, and their own website (MRLP).

## COUNT 16 Communications with third parties- 12 CFR 1006.6(b)(1)

212.    Complainant re-declares all proceeding counts and paragraphs by

reference, as if restated fully in this count.

213.    "Debt collectors must not communicate or attempt to communicate

with a consumer in connection with the collection of any debt with third

parties in connection with the collection of a debt at any unusual or

inconvenient time or place."

214.    When MRLP, a third-party debt collector, sent notices to the

complainants involving the mail service, they violated this code.

215.    The violation was repeated when they communicated with

complainants via local newspaper in advertising their home for sale, and

when they filed documents under the land records for complainants' private

property without authority.

216.    Complainants personal and financial information was shared amongst

the defendants without authorization.

## COUNT 17 FRAUDS AND SWINDLES -18 U.S. Code subsection 1341

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

217.    Complainants re-declare all proceeding counts and paragraphs by reference, as if restated fully in this count.

218.    "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representation or promises, or to sell, dispose of, loan, exchange… shall be fined or imprisoned."

219.    Defendants devised a scheme to use the mails to defraud complainants of money and property, as demonstrated by the evidence.

## PRAYER FOR GRANT OF ORDER FOR RELIEF

Complainants demand a trial by jury of complainant's peers. Complainants demand judgement ordered in their favor and relief be ordered against Defendants as follows:

1. Injunctive relief against defendant #4 action pending in magistrate court,

2. Punitive and Compensatory damages and fees for a sum of $15 Million,

3. Return of interest, dividends, yields, and proceeds of original debt instrument, and any ill-gotten gains.

4. Sanctions against defendants to discourage abusive practices in the future.

Case 1:22-cv-02842-SEG-RGV
Case 1:22-cv-02841-SEG

5. Cancelation and omission of the wrongly filed land record documents by defendants,

6. Cancelation of the foreclosure,

7. Legal and equitable Title to the property is granted to complainants as depicted correctly in the county land records book 59733 page 00026, free from all claims,

8. Estoppel from any future claims to complainants' property and estate,

9. Lastly, any award of fees or damages as the jury may deem appropriate for complainants' pain and suffering.

Respectfully submitted August 26th, 2022

/s/: Pauline E. Johnson, ARR, beneficiary

/s/: Grace D Johnson, ARR, TTEE

c/o 1045 Masters Ln.

Snellville, GA 30078

470-406-001

GDJ1PF@aol.com

42

# EXHBIT A



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD IRANIKAH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 1:22-CV-2841 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| Pauline E. Johnson | ) | |
| Respondent | ) | |

## NOTICE OF REMOVAL

To the clerk of the above-entitled court:

Please take notice that for the reasons set forth below, the respondent Pauline E Johnson files this NOTICE OF REMOVAL to move the claims against them in this action from the Magistrate Court of Gwinnett County, GA to the United States District Court for the Northern District of Georgia, pursuant to 28 USC § 1331, 28 USC § 1441, the Fourteenth Amendment of the Constitution that prohibits the states from depriving any person of life, liberty, or property, without due process of law, claim for action under 42 U.S.C. 1983, as well as presence of federal question. The grounds for removal include:

I.   Introduction
     a. On March 17, 2022 the respondent was served a Dispossessory Proceeding and Summons (Case No. 22-M-08615 Iranikah V. Johnson) by a Gwinnett County Sherriff concerning the real property

located at the commonly known address 1045 Masters Lane Snellville, GA 30078 in Gwinnett County, Georgia. The plaintiff filed an affidavit with the Magistrate Court of Gwinnett County, GA (See Exhibit A).

b.  The Plaintiff alleges in the affidavit to be the 'owner' and that Ms. Johnson has a tenant/land-lord relationship to the plaintiff.

c.  The respondent refutes the claims of Mr. Iranikah. See answer filed with Magistrate court (Exhibit B).

d.  Ms. Johnson does not believe the plaintiff has any entitlement to the real property, nor the ability to bring a claim for dispossessory proceeding.

e.  Ms. Johnson is not aware of any 'sale' of their property that would give any ownership or interest to the plaintiff to claim entitlement.

f.  The defendant wishes to clear any subordinate claim to title of their real personal property commonly known at 1045 Masters Lane in Gwinnett County Georgia.

g.  Mr. Iranikah, non-holder, is subject to all defenses and rights in real estate and property.

II.  Grounds for removal

a.  This court is proper to remove this case from Magistrate Court in Gwinnett County Georgia because there is a clear misconduct as to the lawfulness of the actions that preclude the plaintiff's filing.

b.  Ms. Johnson is demanding all interested parties show by certified financial statement their claim in interest to said property.

c.  A defendant may remove an action to federal court under 28 U.S.C § 1441 if the complaint presents a federal question, such as a federal claim. See Avco Corp v. Aero Lodge No. 735, 390 U.S, 557, 560, 88 S. Ct 1235, 1237, 20 L. Ed 126 (1968).

d.  Ms. Johnson notices the court to make the dispossessory action MOOT to resolve all claims to property.

The respondent rebuts all allegations of the plaintiff and reserves the right to contest those allegations at the appropriate time.

Respectfully submitted,
/s/: Pauline Johnson
Pauline Johnson, All Rights Reserved

Richard Iravikhh

P.O. Box 2061

Duluth, GA 30096
(Plaintiff(s) Name & Address)
Day Phone Number: _____

VS.

Pauline E. Johnson and H.E. Johnson
and all others
1045 Masters LN
Snellville, GA 30078
(Defendant(s) Name & Address)
Telephone numbers: _____

**MAGISTRATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

## DISPOSSESSORY PROCEEDING

CASE NO. ___22M08615___

**INFO & FORMS ON THE INTERNET**
http://www.gwinnettcourts.com

Personally appeared the undersigned affiant who on oath says that affiant is (owner), (attorney at law), (agent) for Plaintiff(s) herein, and that Defendant(s) is/are in possession as tenant of premises at the address as stated above, in Gwinnett County, the property of said Plaintiff(s). Plaintiff(s) attest(s) that there are no other person(s)/ entity(ies) or known occupant(s) with whom Plaintiff(s) has/have a landlord tenant relationship.  FURTHER THAT: (check applicable claim(s))

[ ] tenant fails to pay the rent which is now past due;

[ ] tenant holds the premises over and beyond the term for which they were rented or leased to tenant;

[ ] tenant is a tenant at sufferance;

[X] Other: Purchased  Foreclosure  Hu _____ and

THAT Plaintiff(s) is/are entitled to recover any and all rent that may come due until this action is finally concluded. Plaintiff(s) desires and has demanded possession of the premises and Defendant(s) has/have failed and refused to deliver said possession.  WHEREFORE, Plaintiff(s) demand(s)  (a) possession of the premises; (b) past due rent of

$ __2500_____ ; (c) rent accruing up to the date of judgment or vacancy at the rate of

$ __80_____ per day. (Calculate daily rental rate, if seeking rent to date of judgment or vacancy.)

(d) Court cost #131 _____

Sworn to and subscribed before me,
this __14__ day of __Mar__ , 20__22__ .

_____
Magistrate or Deputy Clerk

Richard Oravikhh
Affiant [X] Owner   [ ] Attorney at Law   [ ] Agent

**SUMMONS -- To the Sheriff of Gwinnett County or lawful deputies of the Sheriff -- GREETINGS:**
    **The Defendant(s) is/are commanded and required to file an answer to said affidavit in writing or orally in person at the Magistrate Court of Gwinnett County, Lawrenceville, Georgia on or before the seventh (7th) day after the date of service of this affidavit and summons.** If such answer is not made, a Writ of Possession and/or Judgment shall issue as provided by law.   Witness the Honorable Kristina Hammer Blum, Chief Magistrate of said Court.

This __14__ day of __Mar__ , 20 __22__ .

_____
Magistrate or Deputy Clerk

### WRIT OF POSSESSION:
    To the Sheriff of Gwinnett County or lawful deputies of the Sheriff:   You are hereby commanded to remove said Defendant(s), and any other person(s)/entities whose presence upon the premises is through the tenancy of Defendant(s) together with Defendant(s)/their property thereon from said premises and to deliver full and quiet possession of the same to the Plaintiff(s) herein effective: 1. (Instanter); or 2. (On _____ , 20_____; or,  3. Pursuant to the terms of consent judgment filed herewith dated _____ , 20_____.

This _____ day of _____ , 20 _____.

_____
Magistrate

PINK Original; YELLOW & WHITE: Copies

Q:Magforms\forms\MAG 30-02 Dispossessory proceeding

# IN THE MAGISTRATE COURT OF GWINNETT COUNTY, GEORGIA

DATE FILED: March 23, 2022

CASE NO: 22M08615

Richard Iranikhah
PO BOX 2061
Duluth, GA 30096
    Plaintiff

v.

Pauline Johnson
c/o 1045 Masters Lane
Snellville, GA 30078
    Defendant

Affidavit of Defendant in Response to Dispossessory Notice

I, Pauline Johnson, the defendant in this matter, am the equitable owner and beneficiary of the real property known as 1045 Masters Lane Snellville, GA 30078. I affirm the following to be true to the best of my knowledge.

1. I have held interest in the property for 26 continuous years.
2. I deny the claims of the Plaintiff with respect to ownership of the property and do not know the plaintiff or have any business with the plaintiff.
3. I am unaware of any sale that gave the plaintiff an interest in my property.
4. I am not in debt to the plaintiff.
5. I am not a tenant.
6. I did not receive a demand, affidavit or other notice from the plaintiff before this action was filed.
7. The plaintiff has not provided any documentary evidence of their claim.
8. The plaintiff has been made aware of a dispute to title.

I request this court dismiss the plaintiff's claim for the above-mentioned reasons. In addition, there is at minimum a clear title dispute that must be addressed and resolved by a court of competent jurisdiction before any court can determine immediate possession to the property. Should the plaintiff not voluntarily recuse his claim I intend to file a notice of removal to a federal court to clear any misrepresentation of title to my property.

*P. Johnson*
All rights reserved
By: Pauline Johnson
Authorized Agent

# EXHIBIT B

January 25, 2022
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Rd
Roswell, GA 30076
T: (770) 643-2148 from 8am to 5pm EST, Monday to Friday
www.mccalla.com

To:   Pauline E Johnson
      1045 Masters Lane
      Snellville, GA 30078

Reference: 22-06277GA

**McCalla Raymer Leibert Pierce, LLC is a debt collector.** You have a real estate loan serviced by Specialized Loan Servicing LLC with account number ending in 1657. We may use any information you give us to help collect the debt.

If you are currently subject to the protections of any automatic stay in bankruptcy OR have obtained a discharge in a bankruptcy proceedings, nothing stated herein is an attempt to collect, recover, or offset the mortgage debt against you personally. This letter is being provided for informational purposes only.

## Our information shows:

There is a mortgage loan serviced by Specialized Loan Servicing LLC with account number ending in 1657.

Please see the enclosed last statement for an itemization of the debt.

**Total amount of the debt now: $166,124.51**

## How can you dispute the debt?

- **Call or write to us by March 1, 2022, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.
- **If you write to us by March 1, 2022,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes at:

  McCalla Raymer Leibert Pierce, LLC
  1544 Old Alabama Rd
  Roswell, GA 30076

## What else can you do?

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write to us by March 1, 2022, we must stop collection until we send you that information. You may use the form below or write to us without the form.

- **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

---

**Mail this form to:**
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Rd
Roswell, GA 30076

Pauline E Johnson
1045 Masters Lane
Snellville, GA 30078

## How do you want to respond?

*Check all that apply:*
- o   **I want to dispute the debt because I think:**
    - o   This is not my debt.
    - o   The amount is wrong.
    - o   Other (please describe on reverse or attach additional information).
- o   **I want you to send me the name and address of the original creditor.**

**Reference: 22-06277GA**

DVN 2021

# EXHIBIT C

CERTIFIED COPY

LAW OFFICES
**McCalla Raymer Leibert Pierce, LLC**
1544 Old Alabama Road
Roswell, Ga 30076

TELEPHONE: (770) 643-2148
FAX: (770) 643-4062

January 27, 2022

Pauline E Johnson
H E Johnson
1045 Masters Lane
Snellville, GA 30078

RE:    NOTICE OF NONJUDICIAL FORECLOSURE SALE

| | |
|---|---|
| Servicing Lender's #: | XXXXXX1657 |
| Our File #: | 22-06277GA-FT7 |
| Borrower | Pauline E Johnson, H E Johnson and H.E Johnson |
| Property: | 1045 Masters Lane |
| | Snellville, Georgia  30078 |

**BE ADVISED THAT UNDER FEDERAL LAW, THIS LAW FIRM MAY BE DEEMED A DEBT COLLECTOR.  ANY INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT.**

Dear Sir or Madam:

This loan was referred to our office for a nonjudicial foreclosure due to your default under the terms of your loan documents.  The actions we have been retained to take are limited to actions in furtherance and in support of a nonjudicial foreclosure pursuant to Georgia law.  This notice is sent to you in accordance with Georgia law.

The entire amount of the outstanding balance of principal and interest owed on the loan and any other authorized charges are due and payable.  Additionally, the terms of your note call for the addition of attorneys' fees to the debt when an attorney is retained to enforce the security interest.  Georgia law (O.C.G.A. Section 13-1-11) allows ten (10) days from your receipt of this letter to pay the entire amount owed.  After that time, the full amount of attorneys' fees allowed by Georgia law may be added to the debt.

**If you are currently subject to the protections of any automatic stay in bankruptcy or have obtained a discharge in a bankruptcy proceeding nothing stated herein should be interpreted as an attempt by this firm to impose personal liability for the debt.**

The referenced property is scheduled to be auctioned at foreclosure.  Enclosed is a copy of the Notice of Sale submitted for publication in the County's legal newspaper.  Note that the sale is scheduled for the first Tuesday in March, 2022, and will be held within the legal hours of sale at the  Gwinnett County Courthouse.

HSBC Bank USA, National Association as trustee for DBALT Mortgage Loan Trust, Series

2007-4 holds the Security Deed to your property and Specialized Loan Servicing LLC services your loan. The entity that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, as servicer, is:

Specialized Loan Servicing LLC, 6200 S. Quebec St., Greenwood Village, CO 30078, 800-306-6059

Please contact the entity above directly should you wish to inquire about what, if any, loss mitigation options may be available to you. Note, however, that such entity is not required by law to negotiate, amend or modify the terms of the loan.

Please note that this letter is being sent to you in order to comply with Georgia statutory law requirements for a nonjudicial foreclosure. For further information regarding this foreclosure sale, or to ask us to request reinstatement or payoff figures from your lender as permitted, you may call our office at (770) 643-2148 and ask for Foreclosure Team FT7. Please also notify this office if you are currently under bankruptcy protection and no relief has been granted to your lender.

Sincerely,

McCalla Raymer Leibert Pierce, LLC

Enclosure

Original via certified mail
Copy also sent by first class mail

**CERTIFIED COPY**

NOTICE OF SALE UNDER POWER

NOTICE OF SALE UNDER POWER

GEORGIA, GWINNETT COUNTY

Under and by virtue of the Power of Sale contained in a Security Deed given by Pauline E Johnson, H E Johnson and H.E Johnson  to Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for MORTGAGEIT, INC., its successors and assigns, dated May 21, 2007, recorded in Deed Book 47932, Page 88, Gwinnett County, Georgia Records, as last transferred to HSBC Bank USA, National Association as trustee for DBALT Mortgage Loan Trust, Series 2007-4 by assignment recorded in Deed Book 51681, Page 559, Gwinnett County, Georgia Records, conveying the after-described property to secure a Note in the original principal amount of ONE HUNDRED EIGHTY-NINE THOUSAND AND 0/100 DOLLARS ($189,000.00), with interest thereon as set forth therein, there will be sold at public outcry to the highest bidder for cash  before the courthouse door of Gwinnett County, Georgia, or at such place as may be lawfully designated as an alternative, within the legal hours of sale on the first Tuesday in March, 2022, the following described property:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

The debt secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed.  The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Security Deed and by law, including attorney's fees (notice pursuant to O.C.G.A. § 13-1-11 having been given).

Said property will be sold subject to any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), the right of redemption of any taxing authority, any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and any matters of record including, but not limited to, those superior to the Security Deed first set out above.  Said property will be sold on an "as-is" basis without any representation, warranty or recourse against the above-named or the undersigned.

HSBC Bank USA, National Association as trustee for DBALT Mortgage Loan Trust, Series 2007-4 is the holder of the Security Deed to the property in accordance with OCGA § 44-14-162.2.

The entity that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is: Specialized Loan Servicing LLC, 6200 S. Quebec St., Greenwood Village, CO  80111, 800-306-6059.

Note, however, that such entity is not required by law to negotiate, amend or modify the terms of the loan.

To the best knowledge and belief of the undersigned, the party in possession of the property is Pauline E Johnson or a tenant or tenants and said property is more commonly known as **1045 Masters Lane, Snellville, Georgia  30078**.  Should a conflict arise between the property address and the legal description the legal description will control.

The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.


HSBC Bank USA, National Association as trustee for DBALT Mortgage Loan Trust, Series 2007-4
      as Attorney in Fact for
Pauline E Johnson, H E Johnson and H.E Johnson

McCalla Raymer Leibert Pierce, LLC

# EXHIBIT D

## REVOCATION OF POWER OF ATTORNEY

I, PAULINE E JOHNSON, hereby immediately revoke ALL power of attorney, which previously appointed HSBC BANK USA, National Association as trustee for DBALT Mortgage Loan Trust, Series 2007-4 as my agent, including their agents, employees, successors, and assigns, dated September 26, 2012. I hereby notify said agent(s) and any other interested persons and institutions that all portions of said documents are revoked. *recorded in deed book 51081 page 559 Gwinnett county, GA*

This revocation is effective NUNC PRO TUNC. All rights are reserved, no rights are waived by principal.

This revocation was signed on February 4, 2022.

Signature of Principal: _____ All rights reserved

Name of Principal: PAULINE E JOHNSON

Unofficial witness: *Grace Johnson* _____ All rights reserved

Name of unofficial witness: GRACE D JOHNSON

Acknowledgment for an Individual
State of Georgia
County of ___GWINNETT___
This record was acknowledged before me on *february 7th 2022* Date
by *Pauline Johnson* _____, Printed name of individual
signing document
who is

____personally known

Or ✓
____proved to me on the basis of satisfactory evidence to be the person who appeared before me.

*Melissa d Willey* (signature of notary public)
Notary Public, State of Georgia

My commission expires: ___02/15/2025___



Stamp/Seal

MELISSA D. WILLEY
COM. EXP.
NOTARY
PUBLIC
Feb. 15, 2025
GWINNETT COUNTY, GEORGIA

Page **1** of **1**

# EXHIBIT E

CERTIFIED MAIL# 7020 2450 0001 0161 2483

Pauline Johnson<br>
c/o 1045 Masters Ln.<br>
Snellville, GA 30078

McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Rd.
Roswell, GA 30076

Reference: 22-06277GA

Legal Notice and Demand

NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT

This notice shall serve as a final attempt to settle and close this matter and avoid litigation. **Your response is necessary within 3 business days to avoid default.**

1. Affiant Pauline Johnson is beneficial and equitable owner of the property at the 'legal address' commonly known as 1045 Masters Lane.
2. Affiant believes SLS (its agents, attorneys, and assignees) have no lawful or legal interest in any property owned and benefited by Pauline Johnson.
3. Affiant believes the original 'loan' has been sold and converted into a stock/security.
4. Affiant believes securities fraud exists with the selling, non-registering, and non-full disclosure of the actions of the lender (its agents, attorneys, and assigns) regarding securitization of the mortgage note.
5. Affiant believes SLS (its agents, attorneys, and assignees) are attempting to commit fraud and theft by illegally filing counterfeit documents with the court pursuant to Title 18 USC § 474 to steal affiant's property.
6. SLS has admitted there is no debt to validate, and affiant has no personal liability to the alleged debt associated with this account.
7. SLS has provided evidence that affiant's promissory note was made into a deposit, endorsed to "MORTGAGE IT, INC" and tendered for the value of $189,000.00 USD.
8. SLS has not provided a rebuttal to affiant's affidavit, nor forensic/documentary evidence as required by Title 15 of United States Code.
9. SLS has not provided the chain of assignments and proper endorsements for the alleged debt.
10. SLS has not produced any accounting per General Accepted Accounting Principles to show they suffered any loss or injury as well as source of funding.
11. SLS (its agents, attorneys, and assignees) are attempting to unjustly enrich themselves by making false claim to affiant's property.
12. Affiant does not consent to McCalla, Raymer, Liebert, Pierce LLC bringing about any legal action against them, including attempting a foreclosure sale of affiant's property and attempting to collect an alleged debt.
13. Affiant has revoked power of attorney for the 'trustee' HSBC bank (its successors, assigns, agents etc.) which includes any power of sale to affiant's property.
14. Affiant has not abandoned the related property nor intends to.
15. Affiant does not consent to a foreclosure sale of said property to satisfy any outstanding claim, lien or other alleged debt.

Page **1** of 2

Any attempts by third parties to sell or convey the title to affiant's property is fraudulent and considered theft. Affiant demands you remove said property from public listing of sale and notify all pertinent agents and agencies of the termination. Affiant demands settlement and closure of the related 'debt' and SLS (its agents, attorneys, and assigns) are estopped from making any future claims to affiant's property. Title to the property should be conveyed to Pauline Johnson as sole rightful beneficial and equitable owner. Affiant demands SLS make recoupments for all amounts paid toward the fraudulent debt obligation, since inception, and full value of affiant's promissory note.

As this matter is urgent your response is required within 3 business days. After this time, affiant may seek a judgement against you (your agents, employees, and assigns) of equitable relief for violations of federal and state law, Securities and Exchange Act, TILA, FDCPA, recoupment of promissory note value, all amounts tendered as payment by affiant since inception, as well as damages for inducement of fraud, conspiracy against rights, and attempted theft of affiant's property.

Pauline Johnson

Authorized Agent

All rights reserved

# EXHIBIT F

**DEED B: 60022 P: 00027**
06/16/2022 12:32 PM Pgs: 9 Fees: $25.00
**TTax: $0.00**
Tiana P Garner, Clerk of Superior Court
Gwinnett County, GA
PT-61 #: 0672022019373
ERECORDED
eFile Participant IDs: 2386668649,7067927936

Return To:
R and L Dream Homes, LLC
PO BOX 2061
Duluth, GA 30096

CROSS INDEX TO DEED
BOOK 47932, PAGE 88,
GWINNETT COUNTY,
GEORGIA RECORDS

STATE OF COLORADO
COUNTY OF ARAPAHOE

### DEED UNDER POWER

THIS INDENTURE, effective as of the 1st day of March, 2022, by Pauline E Johnson, H E Johnson and H.E Johnson   (hereinafter collectively to as "Borrower"), acting through this duly appointed attorney in fact, HSBC Bank USA, National Association as trustee for DBALT Mortgage Loan Trust, Series 2007-4 (hereinafter referred to as "Lender"), as Party of the First Part, and R and L Dream Homes, LLC as Party of the Second Part:

### WITNESSETH:

WHEREAS, Borrower executed and delivered that certain Security Deed to Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for MORTGAGEIT, INC., its successors and assigns, its successors and assigns, which is recorded in Deed Book 47932, Page 88, Gwinnett County, Georgia Records, as last transferred to Lender by assignment, recorded in Deed Book 51681, Page 559, Gwinnett County, Georgia Records, conveying the after-described property to secure a Note in the original principal amount of ONE HUNDRED EIGHTY-NINE THOUSAND AND 0/100 DOLLARS ($189,000.00);

WHEREAS, default in the payment of the required installments under said Note occurred, and by reason of said default, Lender elected, pursuant to the terms of the Security Deed and Note, and declared the entire principal and interest immediately due and payable; and

WHEREAS said foreclosure was not subject to any temporary federal rule or regulation prohibiting foreclosure such as 12 C.F.R. § 1024.41(f)(3) or was conducted after satisfying a required procedural safeguard, including, but not limited to, one of the procedural safeguards outlined in 12 C.F.R. § 1024.41(f)(3); and

Page 1        McCalla Raymer Leibert Pierce, LLC
              22-06277GA-FT7/ca

              03/01/22

WHEREAS, said entire indebtedness still being in default, Lender on behalf of Borrower, and according to the terms of said Security Deed, did advertise said property for sale once a week for 4 Weeks immediately preceding said sale in a newspaper in Gwinnett, Georgia, wherein the Sheriff carried his advertisements; and

WHEREAS, notice was given in compliance with Georgia Laws 1981, Volume I, Page 834, codified as O.C.G.A. Section 44-14-162.2 and Section 44-14-162.4.  The notice so required was rendered by mailing a copy of the Notice of Sale submitted to the publisher to the "Debtor" (as that term is defined in O.C.G.A. Section 44-14-162.1) at least thirty days prior to the foreclosure sale date; and

WHEREAS, Lender did expose said property for sale to the highest bidder for cash on the first Tuesday in March, 2022 within the legal hours of sale at the usual place for conducting Sheriff's sales in Gwinnett before the Courthouse door, or at such place as may be lawfully designated as an alternative, and offered said property for sale at public outcry; and

WHEREAS, the said property was knocked off to the Party of the Second Part, who was the highest and best bidder for cash, at and for the sum of THREE HUNDRED ELEVEN THOUSAND FIVE HUNDRED AND 0/100 DOLLARS ($311,500.00).

NOW THEREFORE, in consideration of the premises and said sum of money and by virtue of and in the exercise of the power of sale contained in the Security Deed, the Party of the First Part has bargained, sold, granted and conveyed, and by these presents does hereby bargain, sell, grant and convey to the Party of the Second Part, said party's representatives, heirs, successors and assigns, the following described property:

> ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 100 OF THE 5th DISTRICT, GWINNETT COUNTY, GEORGIA, BEING LOT 3, BLOCK B, LAKES OF SUMMIT (FORMERLY SUMMIT POINT) AS PER PLAT RECORDED IN PLAT BOOK 65, PAGE 272, GWINNETT COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE AND MADE A PART HEREOF.
> BEING THE SAME PROPERTY CONVEYED TO H.E. JOHNSON AND PAULINE E JOHNSON BY DEED FROM HOMES BY KEN BUTERA, INC. RECORDED 11/08/1996 IN DEED BOOK 13425 PAGE 155, IN THE OFFICE OF THE CLERK OF THE SUPERIOR COURT OF GWINNETT COUNTY, GEORGIA.

Commonly known as:   1045 Masters Lane, Snellville, GA   30078

TOGETHER WITH all and singular the rights, members and appurtenances thereto appertaining; also all the estate, right, title, interest, claim or demand of the Party of the First Part, or said Party's representatives, heirs, successors and assigns, legal, equitable or otherwise, whatsoever, in and to the same.

THIS CONVEYANCE IS SUBJECT TO any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed.

Page 2     McCalla Raymer Leibert Pierce, LLC
22-06277GA-FT7/ca

03/01/22

DEED B: 60022 P: 00029  06/16/2022 12:32 PM
22D066127  Page 3 of 9

TO HAVE AND TO HOLD the said property and every part thereof unto the said Party of the Second Part, and said party's representatives, heirs, successors and assigns, to said Party's own proper use, benefit and behoof in FEE SIMPLE, in as full and ample a manner as the said Party of the First Part or said Party's representatives, heirs, successors and assigns, did hold and enjoy the same.

IN WITNESS WHEREOF, Lender as Agent and Attorney in Fact for Borrower has hereunto affixed Lender's hand and seal on this, ____**JUN 0 2 2022**____.

Signed, sealed and delivered
in the presence of:

_Patricia Vogt_
Unofficial Witness
Name: _____Patricia Vogt_____

_Henrietta Parrish_
Notary Public
Name: _____Henrietta Parrish_____
My Commission Expires: __04-09-2025__
(Seal)

HENRIETTA PARRISH
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20214014068
MY COMMISSION EXPIRES 04/09/2025

Specialized Loan Servicing LLC, as
attorney-in-fact for

**HSBC Bank USA, National Association as trustee for DBALT Mortgage Loan Trust, Series 2007-4,**
as attorney in fact for Pauline E Johnson, H E Johnson and H.E Johnson

Grantor
Name: _____**Steven Ross**_____
Title: _____Second Assistant Vice President_____

Grantor
Name: _____**Ami McKernan**_____
Title: _____Second Assistant Vice President_____

| Power of Attorney Attached as Exhibit "A" |

Page 3     McCalla Raymer Leibert Pierce, LLC
           22-06277GA-FT7/ca

           03/01/22

## COLORADO NOTARIAL ACKNOWLEDGMENT

STATE OF COLORADO      )

COUNTY OF ARAPAHOE · )

The foregoing instrument was acknowledged before me this ____JUN 02 2022____ by
                                                                (Date)

**Steven Ross**        Second Assistant Vice President
_____ of
                    (Name, Title)

Specialized Loan Servicing LLC, a Delaware Limited Liability Company, on behalf of the LLC.


(Notary Seal)                          *Henrietta Parrish*

                                       Notary's Official Signature

                                       04-09-2025
                                          HP
                                       Commission Expiration

```
HENRIETTA PARRISH
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20214014068
MY COMMISSION EXPIRES 04/09/2025
```

| Description of document this notarial certificate is being attached to: | |
|---|---|
| Type / Title of Document: | Deed Under Power |
| Date of Document: | JUN 02 2022 |
| Number of Pages: | 5 |
| Additional Signers (other than those named in notarial certificate) | 1 witness, 2 signers, 1 Notary Witness |

DEED B: 60022 P: 00031  06/16/2022 12:32 PM
22D066127  Page 5 of 9

Exhibit "A"

## POWER OF ATTORNEY

HSBC Bank USA, National Association., a national banking association organized and existing under the laws of the United States, having an office located at 452 Fifth Avenue, New York, New York 10018 (hereinafter called "Trustee") hereby appoints Specialized Loan Servicing LLC (hereinafter called "SLS"), as its true and lawful attorney-in-fact to act in the name, place and stead of Trustee for the purposes set forth below. SLS is the Servicer for many securitizations pursuant to the applicable Pooling and Servicing Agreements for each securitization (the "Agreements," see Exhibit A attached for a listing) now in existence and that will be formed from time to time. This Power of Attorney is revocable upon receipt of notice from the Trustee.

The said attorneys-in-fact, and each of them, are hereby authorized, and empowered, as follows with respect to the loans, mortgages, and properties securitized pursuant to the Agreements:

1.      To execute, acknowledge, seal and deliver deed of trust/mortgage note endorsements, lost note affidavits, assignments of deed of trust/mortgage and other recorded documents, satisfactions/releases/reconveyances of deed of trust/mortgage, subordinations and modifications, tax authority notifications and declarations, deeds, bills of sale, and other instruments of sale, conveyance, and transfer, appropriately completed, with all ordinary or necessary endorsements, acknowledgments, affidavits, and supporting documents as may be necessary or appropriate to effect its execution, delivery, conveyance, recordation or filing.

2.      To execute and deliver insurance filings and claims, affidavits of debt, substitutions of trustee, substitutions of counsel, non-military affidavits, notices of rescission, foreclosure deeds, transfer tax affidavits, affidavits of merit, verifications of complaints, notices to quit, bankruptcy declarations for the purpose of filing claims and motions to lift stays, and other documents or notice filings on behalf of Trustee in connection with insurance, foreclosure, bankruptcy and eviction actions.

3.      To endorse any checks or other instruments received by SLS and made payable to Trustee.

4.      To pursue any deficiency, debt or other obligation, secured or unsecured, including but not limited to those arising from foreclosure or other sale, promissory note or check. This power also authorizes SLS to collect, negotiate or otherwise settle any deficiency claim, including interest and attorney's fees.

5.      To do any other act or complete any other document that arises in the normal course of servicing.

Dated: February 5 , 2021

Witnesses:

Name: Kevin Barry

Name: Rodney Meeks

**HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE**

Name:   Doris Wong
Title:   Vice President
Location: Kings County, NY

State of New York),        County of Richmond)

On the 5th day of February in the year 2021 before me, the undersigned, a Notary Public in and for said State, personally appeared Doris Wong, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Witness my hand and official seal this 5th day of February, 2021.

My Commission Expires     4/17/2021
Notarized pursuant to NY Executive Order 202.7.

RESTRICTED

NOTARY STAMP

AMANDA MARIE RITCHIE
Notary Public, State of New York
No. 01RI6357382
Qualified in Richmond County
Commission Expires April 17, 2021

DEED B: 60022 P: 00032  06/16/2022 12:32 PM
22D066127  Page 6 of 9

Schedule A

| Investor Code | Investor Code Name | Deal Language | Agreements |
|---|---|---|---|
| 262 | SEQUOIA MORTGAGE TRUST 2002-9 | HSBC Bank USA, National Association as Trustee for Sequoia Mortgage Trust 9 | Pooling and Servicing Agreement |
| 263 | SEQUOIA MORTGAGE TRUST 2002-11 | HSBC Bank USA, National Association as Trustee for Sequoia Mortgage Trust 11 | Pooling and Servicing Agreement |
| 264 | SEQUOIA MORTGAGE TRUST 2003-1 | HSBC Bank USA, National Association as Trustee for Sequoia Mortgage Trust 2003-1 | Pooling and Servicing Agreement |
| 265 | SEQUOIA MORTGAGE TRUST 2003-2 | HSBC Bank USA, National Association as Trustee for Sequoia Mortgage Trust 2003-2 | Pooling and Servicing Agreement |
| 266 | SEQUOIA MORTGAGE TRUST 2003-3 | HSBC Bank USA, National Association as Trustee for Sequoia Mortgage Trust 2003-3 | Pooling and Servicing Agreement |
| 267 | SEQUOIA MORTGAGE TRUST 2003-5 | HSBC Bank USA, National Association as Trustee for Sequoia Mortgage Trust 2003-5 | Pooling and Servicing Agreement |
| 268 | SEQUOIA MORTGAGE TRUST 2003-8 | HSBC Bank USA, National Association as Trustee for Sequoia Mortgage Trust 2003-8 | Pooling and Servicing Agreement |
| 269 | SEQUOIA MORTGAGE TRUST 2004-1 | HSBC Bank USA, National Association as Trustee for Sequoia Mortgage Trust 2004-1 | Pooling and Servicing Agreement |
| 290 | FBRSI 2005-2 | HSBC BANK USA, NATIONAL ASSOCIATION, as Indenture Trustee, for the FBR Securitization Trust 2005-2 Callable Mortgage-Backed Notes, Series 2005-2 | Transfer and Servicing Agreement |
| 291 | FBRSI 2005-4 | HSBC Bank USA, National Association, as Indenture Trustee, for the FBR Securitization Trust 2005-4 Mortgage-Backed Notes, Series 2005-4 | Transfer and Servicing Agreement |
| 377 | DBALT 2007-OA4 | HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4 | Pooling and Servicing Agreement |
| 400 | MANA 2007-OAR2 | HSBC Bank USA, National Association, as Trustee for Mortgage Pass-Through Certificates, MANA Series 2007-OAR2 | Pooling and Servicing Agreement |
| 404 | SEQUOIA MORTGAGE TRUST 2007-2 | HSBC Bank USA, National Association as Trustee for Sequoia Mortgage Trust 2007-2 | Pooling and Servicing Agreement |
| 405 | SEQUOIA MORTGAGE TRUST 2007-3 | HSBC Bank USA, National Association as Trustee for Sequoia Mortgage Trust 2007-3 | Pooling and Servicing Agreement |
| 407 | SEQUOIA MORTGAGE TRUST 2007-4 | HSBC Bank USA, National Association as Trustee for Sequoia Mortgage Trust 2007-4 | Pooling and Servicing Agreement |
| 3472 | DB ALT A SEC MTG LOAN TRU 2005-6 | HSBC Bank USA, National Association, as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates Series 2005-6 | Pooling and Servicing Agreement |
| 3600 | DBALT 2007-AB1 | HSBC Bank USA, National Association as trustee for Deutsche Alt-B Securities Mortgage Loan Trust, Series 2007-AB1 | Pooling and Servicing Agreement |
| 3601 | DBALT 2007-4 | HSBC Bank USA, National Association as trustee for DBALT Mortgage Loan Trust, Series 2007-4 | Pooling and Servicing Agreement |
| 3604 | DBALT 2006-AB4 | HSBC Bank USA, National Association as trustee for Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB4 | Pooling and Servicing Agreement |

RESTRICTED

DEED B: 60022 P: 00033  06/16/2022 12:32 PM
22D066127  Page 7 of 9

| 3605 | DBALT 2006-AB4 SPEC SERV | HSBC Bank USA, National Association as trustee for Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB4 | Pooling and Servicing Agreement |
|---|---|---|---|
| 3686 | ML MTG INV TRUST SERIES 2006-AF2 | HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MLMI Series 2006-AF2 | Pooling and Servicing Agreement |
| 3728 | DB ALT A SEC MTG LOAN TRU 2007 BAR1 | HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates, Series 2007-BAR1 | Pooling and Servicing Agreement |
| 3729 | DB ALT A SEC MTG LOAN TRU 2007-AR3 | HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates Series 2007-AR3 | Pooling and Servicing Agreement |
| 3730 | DB ALT B SEC MTG LOAN TRU 2007-AB1 | HSBC Bank USA, National Association as Trustee for Deutsche Alt-B Securities, Mortgage Loan Trust, Series 2007-AB1 | Pooling and Servicing Agreement |
| 3731 | DB ALT A SEC MTG LOAN TRU 2007-3 | HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-3 | Pooling and Servicing Agreement |
| 3732 | DB ALT A SEC MTG LOAN TRU 2007-1 | HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-1 | Pooling and Servicing Agreement |
| 3733 | DB ALT A SEC MTG LOAN TRU 2006-AR6 | HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates Series 2006-AR6 | Pooling and Servicing Agreement |
| 3734 | DB ALT A SEC MTG LOAN TRU 2006-AR5 | HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates Series 2006-AR5 | Pooling and Servicing Agreement |
| 3735 | DB ALT A SEC MTG LOAN TRU 2006-AR4 | HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates Series 2006-AR4 | Pooling and Servicing Agreement |
| 3736 | DB ALT A SEC MTG LOAN TRU 2006-AR3 | HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates Series 2006-AR3 | Pooling and Servicing Agreement |
| 3737 | DB ALT A SEC MTG LOAN TRU 2006-AR2 | HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates Series 2006-AR2 | Pooling and Servicing Agreement |
| 3738 | DB ALT A SEC MTG LOAN TRU 2006-AR1 | HSBC Bank USA, National Association, as Trustee for Deutsche Alt-A Securities, Inc. Mortgage Pass-Through Certificates Series 2006-AR1 | Pooling and Servicing Agreement |
| 3739 | DB ALT A SEC MTG LOAN TRU 2005-4 | HSBC Bank USA, National Association, as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates Series 2005-4 | Pooling and Servicing Agreement |

RESTRICTED

| 3740 | DB ALT A SEC MTG LOAN TRU 2005-5 | HSBC Bank USA, National Association, as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates Series 2005-5 | Pooling and Servicing Agreement |
|---|---|---|---|
| 3741 | DB ALT A SEC MTG LOAN TRU 2005-6 | HSBC Bank USA, National Association, as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates Series 2005-6 | Pooling and Servicing Agreement |
| 3742 | DB ALT A SEC MTG LOAN TRU 2005-AR1 | HSBC Bank USA, National Association, as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates Series 2005-AR1 | Pooling and Servicing Agreement |
| 3743 | DB ALT A SEC MTG LOAN TRU 2005-AR2 | HSBC Bank USA, National Association, as Trustee for Deutsche Alt-A Securities, Inc., Mortgage Pass-Through Certificates Series 2005-AR2 | Pooling and Servicing Agreement |
| 3744 | MERRILL LYNCH MTG BACKED SEC 2007-3 | HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MLMBS 2007-3 | Pooling and Servicing Agreement |
| 3745 | MERRILL LYNCH MTG BACKED SEC 2007-1 | HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MLMBS Series 2007-1 | Pooling and Servicing Agreement |
| 3751 | DB ALT B SEC MTG LN TR 2006-AB1 | HSBC Bank USA, National Association, as Trustee for Deutsche Alt-B Securities Mortgage Loan Trust, Series 2006-AB1 | Pooling and Servicing Agreement |
| 3752 | DB ALT B SEC MTG LN TR 2006-AB2 | HSBC Bank USA, National Association as Trustee for Deutsche Alt-B Securities, Mortgage Loan Trust, Series 2006-AB2 | Pooling and Servicing Agreement |
| 3753 | DB ALT B SEC MTG LN TR 2006-AB3 | HSBC Bank USA, National Association as Trustee for Deutsche Alt-B Securities, Mortgage Loan Trust, Series 2006-AB3 | Pooling and Servicing Agreement |
| 3754 | DB ALT B SEC MTG LN TR 2006-AB4 | HSBC Bank USA, National Association as Trustee for Deutsche Alt-B Securities, Mortgage Loan Trust, Series 2006-AB4 | Pooling and Servicing Agreement |
| 3755 | DB ALT B SEC MTG LN TR 2006-AF1 | HSBC Bank USA, National Association as Trustee for Deutsche Alt-B Securities, Inc. Mortgage Loan Trust, Series 2006-AF1 | Pooling and Servicing Agreement |
| 3757 | GSAA HOME EQUITY TRUST 2005-12 | HSBC Bank USA, National Association, As Trustee for GSAA Home Equity Trust 2005-12, Asset-Backed Certificates, Series 2005-12 | Master Servicing and Trust Agreement |
| 3759 | GSAA HOME EQUITY TRUST 2005-9 | HSBC Bank USA, National Association, As Trustee for GSAA Home Equity Trust 2005-9, Asset-Backed Certificates, Series 2005-9 | Master Servicing and Trust Agreement |
| 3760 | GSAA HOME EQUITY TRUST 2005-6 | HSBC Bank USA, National Association, As Trustee for GSAA Home Equity Trust 2005-6, Asset-Backed Certificates, Series 2005-6 | Master Servicing and Trust Agreement |
| 5165 | DBALT 2007-OA4 - BAC SVC # 812-111 | HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4 | Pooling and Servicing Agreement |

RESTRICTED

PT-61 (Rev. 2/18)    To be filed in  **GWINNETT COUNTY**    **PT-61 067-2022-019373**

| SECTION A – SELLER'S INFORMATION (Do not use agent's information) | | | SECTION C – TAX COMPUTATION | |
|---|---|---|---|---|
| SELLER'S LAST NAME | FIRST NAME | MIDDLE | Exempt Code<br>If no exempt code enter NONE | First Transferee<br>Foreclosure |
| Johnson | Paul | E | | |
| MAILING ADDRESS (STREET & NUMBER) | | | 1. Actual Value of consideration received by seller<br>Complete Line 1A if actual value unknown | $311,500.00 |
| 6200 S. Quebec St., Suite 300, | | | | |
| CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY | DATE OF SALE | | 1A. Estimated fair market value of Real and<br>Personal property | $0.00 |
| Greenwood Cillage, CO 80111 USA | 3/1/2022 | | | |
| SECTION B – BUYER'S INFORMATION (Do not use agent's information) | | | 2. Fair market value of Personal Property only | $0.00 |
| BUYERS'S BUSINESS / ORGANIZATION / OTHER NAME | | | 3. Amount of liens and encumbrances<br>not removed by transfer | $0.00 |
| R and L Dream Homes, LLC | | | | |
| MAILING ADDRESS (Must use buyer's address for tax billing & notice purposes) | | | 4. Net Taxable Value<br>(Line 1 or 1A less Lines 2 and 3) | $0.00 |
| PO Box 2061 | | | | |
| CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY | Check Buyers Intended Use<br>(X) Residential  ( ) Commercial<br>( ) Agricultural  ( ) Industrial | | 5. TAX DUE at .10 per $100 or fraction thereof<br>(Minimum $1.00) | $0.00 |
| Duluth, GA 30096 USA | | | | |

| SECTION D – PROPERTY INFORMATION (Location of Property (Street, Route, Hwy, etc)) | | | | |
|---|---|---|---|---|
| HOUSE NUMBER & EXTENSION (ex 265A) | PRE-DIRECTION, STREET NAME AND TYPE, POST DIRECTION | | | SUITE NUMBER |
| 1045 | Masters Lane | | | |
| COUNTY | CITY (IF APPLICABLE) | | MAP & PARCEL NUMBER | ACCOUNT NUMBER |
| GWINNETT | | | R5100 104 | |
| TAX DISTRICT | GMD | LAND DISTRICT | ACRES | LAND LOT | SUB LOT & BLOCK |

| SECTION E – RECORDING INFORMATION (Official Use Only) | | | | |
|---|---|---|---|---|
| DATE | DEED BOOK | DEED PAGE | PLAT BOOK | PLAT PAGE |
| | 60022 | 27 | | |

ADDITIONAL BUYERS
None

# EXHIBIT G

## Your CUSIP Results are as follows:

**PAULINE JOHNSON (MTG 1011391657)**
**Fidelity Advisor International Real Estate Fund**
Symbol:                      FIRAX
CUSIP:                      **316389634**

Inception Date:              4/4/2007
Net Assets:                  $999,283,000.00 as of
                             7/20/2021
Portfolio Assets:            $999,283,000.00 as of
                             7/20/2021

## A little about the Fund:

Fidelity International Real Estate Fund is an open-end fund incorporated in the USA. The Fund's objective is capital appreciation. The Fund invests primarily in non-U.S. securities. The Fund may also invest at least 80% of assets in securities of companies principally engaged in the real estate industry and other real estate related investments.



# EXHIBIT H



**cfpb**  Consumer Financial (cfpb.gov/)
Protection Bureau

# Consumer Financial Protection Bureau Settles with Specialized Loan Servicing, LLC

MAY 11, 2020

**WASHINGTON, D.C.** – Today the Consumer Financial Protection Bureau (Bureau) settled with Specialized Loan Servicing, LLC (SLS), a mortgage-loan servicer in Colorado. As of February 29, 2020, SLS serviced a portfolio of mortgage loans worth about $112.69 billion. The consent order requires SLS to pay $1.275 million in monetary relief to consumers in the form of redress and waiver of borrower deficiencies, pay a $250,000 civil money penalty, which will be paid to the Bureau and deposited into the Bureau's Civil Penalty Fund, and implement procedures to ensure compliance with the Real Estate Settlement Procedures Act (RESPA) and its implementing regulation, Regulation X.

The Bureau's investigation found that since January 2014, SLS violated RESPA and Regulation X by taking prohibited foreclosure actions against mortgage borrowers who were entitled to protection from foreclosure, and by failing to send or to timely send evaluation notices to mortgage borrowers who were entitled to them. These violations also constitute violations of the Consumer Financial Protection Act of 2010. In some cases, SLS's violations of Regulation X short-circuited the protections against foreclosure for consumers whose homes were ultimately foreclosed upon.

Under the settlement, SLS will pay $775,000 in restitution to affected consumers according to a redress plan that the Bureau will approve. SLS will also pay a $250,000 civil money penalty to the Bureau, and will waive $500,000 in borrower deficiencies. The settlement requires SLS to implement policies and procedures that will ensure that borrowers receive the protections from foreclosure to which they are entitled under RESPA and Regulation X, including preventing SLS from improperly making first filings, from improperly moving for foreclosure judgments or orders of sale, and from conducting foreclosure sales against borrowers who have submitted timely and facially complete or complete loss-mitigation applications. SLS must also monitor its foreclosure activity to ensure that it complies with the policies and procedures that it must implement.

A copy of the consent order filed with the Bureau is available at:
https://files.consumerfinance.gov/f/documents/cfpb_specialized-loan-

# EXHIBIT I

Case 1:22-cv-02842-SEG    Document 4    Filed 10/17/22    Page 73 of 74



An official website of the United States government
Here's how you know

THE UNITED STATES
DEPARTMENT *of* JUSTICE
JUSTICE NEWS

**Department of Justice**

Office of Public Affairs

FOR IMMEDIATE RELEASE

Friday, February 5, 2016

## Justice Department Reaches $470 Million Joint State-Federal Settlement with HSBC to Address Mortgage Loan Origination, Servicing and Foreclosure Abuses

The Justice Department, the Department of Housing and Urban Development (HUD) and the Consumer Financial Protection Bureau, along with 49 state attorneys general and the District of Columbia's attorney general, have reached a $470 million agreement with HSBC Bank USA NA and its affiliates (collectively, HSBC) to address mortgage origination, servicing and foreclosure abuses.

"This agreement is the result of a coordinated effort between federal and state partners to hold HSBC accountable for abusive mortgage practices," said Acting Associate Attorney General Stuart F. Delery.  "This agreement provides for $370 million in creditable consumer relief to benefit homeowners across the country and requires HSBC to reform their servicing standards.  The Department of Justice remains committed to rooting out financial fraud and holding bad actors accountable for their actions."

"This settlement illustrates the department's continuing commitment to ensure responsible mortgage servicing," said Principal Deputy Assistant Attorney General Benjamin C. Mizer, head of the Justice Department's Civil Division.  "The agreement is part of our ongoing effort to address root causes of the financial crisis."

"Even as the mortgage crisis recedes, the U.S. Trustee Program will continue to combat mortgage servicer abuse of the federal bankruptcy laws so that homeowners are given their legal right to try to save their homes," said Director Cliff White of the Justice Department's U.S. Trustee Program.  "Homeowners in financial distress sometimes depend on chapter 13 bankruptcy to help them catch up on their payments.  When banks violate bankruptcy laws at the expense of homeowners and other creditors, they must pay a price.  This settlement holds HSBC accountable for its actions and helps to protect the most vulnerable homeowners."

"Mortgage servicers have a responsibility to help struggling borrowers remain in their home, not to push them into foreclosure," said General Counsel Helen Kanovsky of HUD.  "This agreement is another example of how multiple agencies in the federal government and state attorneys general across the country are working to make sure the mortgage industry treats consumers fairly."

"This agreement not only provides relief to borrowers affected by HSBC's past practices, it puts in place protections for current and future homeowners through tough mortgage servicing standards," said Iowa Attorney General Tom Miller.  "For years we've worked together to hold mortgage servicers responsible for their past conduct.  We're doing that here through this settlement and we'll continue to address bad conduct in the future."

The settlement reflects a continuation of enforcement actions by the department and its federal and state enforcement partners to hold financial institutions accountable for abusive mortgage practices.  The settlement parallels the $25 billion National Mortgage Settlement (NMS) reached in February 2012 between the federal government, 49 state attorneys general and the District of Columbia's attorney general and the five largest national mortgage servicers, as well as the $968 million settlement reached in June 2014 between those same federal and state partners and SunTrust

Case 1:22-cv-02842-SEG   Document 4   Filed 10/17/22   Page 74 of 74

Mortgage Inc.  This settlement with HSBC is the result of negotiations that, as has been reported in HSBC Holdings plc's Annual Report and Accounts, began following the announcement of the NMS.

Under the agreement announced today, HSBC has agreed to provide more than $470 million in relief to consumers and payments to federal and state parties, and to be bound to mortgage servicing standards and be subject to independent monitoring of its compliance with the agreement.  More specifically, the settlement provides that:

- HSBC will pay $100 million: $40.5 million to be paid to the settling federal parties; $59.3 million to be paid into an escrow fund administered by the states to make payments to borrowers who lost their homes to foreclosure between 2008 and 2012; and $200,000 to be paid into an escrow fund to reimburse the state attorneys general for investigation costs.
- By July 2016, HSBC will complete $370 million in creditable consumer relief directly to borrowers and homeowners in the form of reducing the principal on mortgages for borrowers who are at risk of default, reducing mortgage interest rates, forgiving forbearance and other forms of relief.  The relief to homeowners has been underway and will likely provide more than $370 million in direct benefits to borrowers because HSBC will not be permitted to claim credit for every dollar spent on the required consumer relief.
- HSBC will be required to implement standards for the servicing of mortgage loans, the handling of foreclosures and for ensuring the accuracy of information provided in federal bankruptcy court.  These standards are designed to prevent foreclosure abuses of the past, such as robo-signing, improper documentation and lost paperwork, and create new consumer protections.  The standards provide for oversight of foreclosure processing, including third-party vendors, and new requirements to undertake pre-filing reviews of certain documents filed in bankruptcy court.  The servicing standards ensure that foreclosure is a last resort by requiring HSBC to evaluate homeowners for other loss-mitigation options first.  In addition, the standards restrict HSBC from foreclosing while the homeowner is being considered for a loan modification.

The agreement will be filed as a consent judgment in the U.S. District Court for the District of Columbia.  Compliance with the agreement will be overseen by an independent monitor, Joseph A. Smith Jr., who is also the monitor for the NMS and SunTrust settlement.  Smith has served as the North Carolina Commissioner of Banks and is also the former chairman of the Conference of State Banks Supervisors.  Smith will oversee implementation of the servicing standards required by the agreement, will certify that HSBC has satisfied its consumer relief obligations and will file regular public reports that identify any quarter in which HSBC fell short of the standards imposed in the settlement.  The parties may seek penalties for non-compliance.

The agreement resolves potential violations of civil law based on HSBC's deficient mortgage loan origination and servicing activities.  The agreement does not prevent state and federal authorities from pursuing criminal enforcement actions related to this or other conduct by HSBC, or from punishing wrongful securitization conduct that is the focus of President Barack Obama's Financial Fraud Enforcement Task Force Residential Mortgage-Backed Securities Working Group.  State attorneys general also preserved, among other things, all claims against Mortgage Electronic Registration Systems.  Additionally, the agreement does not prevent any action by individual borrowers who wish to bring their own lawsuits.

The Department of Treasury, the Federal Trade Commission, the Department of Agriculture, the Veterans Administration and the Special Inspector General for the Troubled Asset Relief Program also made critical contributions to reaching this settlement.

---

**Attachment(s):**
Download HSBC Consent Judgment

**Topic(s):**
False Claims Act
Financial Fraud
Mortgage Fraud
StopFraud

**Component(s):**